Eric R. McDonough (#193956)
emcdonough@dickinsonwright.com
**DICKINSON WRIGHT RLLP**
3579 Valley Centre Drive, Suite 100
San Diego, California 92130
Telephone: (858) 397-7412
Facsimile:  (844) 670-6009

*Attorney for Plaintiff*
Luminaire LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| Luminaire LLC,<br><br>      Plaintiff,<br><br>v.<br><br>Lugano Diamonds & Jewelry Inc.,<br><br>      Defendant. | Civil Action No.  8:25-cv-2048<br><br>**COMPLAINT** |

Luminaire LLC, by counsel and for its Complaint against Lugano Diamonds & Jewelry Inc., states as follows:

### PARTIES

1.      Luminaire LLC ("Luminaire") is a Florida corporation with its principal place of business located at 8950 NW 33rd St., Miami, Florida 33172.

2.      Lugano Diamonds & Jewelry Inc. ("Lugano Diamonds") is a California corporation with its principal place of business located at 545 Newport Ctr. Dr., Newport Beach, California 92660-6937.

### JURISDICTION AND VENUE

3.      The jurisdiction of this Court is predicated on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper under 28 U.S.C. § 1391(b)(2) because Lugano Diamonds maintains its principal place of business in this District and some of the events giving rise to Plaintiffs' claims occurred in this District.

## **FACTUAL ALLEGATIONS**

6.      Luminaire is a luxury furniture retailer operating multiple showrooms across the United States.

7.      Lugano Diamonds is a jewelry retailer specializing in high-end, bespoke jewelry, with nine boutiques in the United States and the United Kingdom.

8.      In 2024, Lugano Diamonds, through its Design Project Director, Tara Gentry ("Gentry"), engaged Luminaire to purchase several custom-made furniture items for delivery to Lugano Diamonds' boutiques in Chicago, Los Angeles, and Miami.

9.      Idit Ferder, Lugano Diamonds' co-founder and Chief Operating Officer, was also personally involved in the selecting and purchasing of certain items.

10.     Pursuant to Luminaire's Terms and Conditions, Lugano Diamonds paid a 50% deposit on such items. A true and correct copy of Luminaire's Terms and Conditions, including its Delivery Service & Fees policy ("Terms & Conditions"), is attached hereto as **Exhibit 1**.

11.     On October 26, 2024, Luminaire issued Invoice No. SOL24-3618 to Lugano Diamonds, listing multiple furniture items, prices, and delivery details. At the time the invoice was issued, the balance due to Luminaire was $266,611.19. A true and correct copy of Invoice No. SOL24-3618 is attached hereto as **Exhibit 2**.

12.     On February 26, 2025, Luminaire issued a second invoice to Lugano Diamonds, Invoice No. SOL25-0542, for additional furniture items purchased by Lugano Diamonds. The balance due on Invoice No. SOL25-0542 was $60,795.09. A true and correct copy of Invoice No. SOL25-0542 is attached hereto as **Exhibit 3**.

13.     On March 19, 2025, Luminaire re-issued Invoice No. SOL24-3618, which continued to reflect an outstanding balance of $266,611.19.

14.     On or before May 21, 2025, at Lugano Diamonds' request, Luminaire attempted to cancel with its vendor any products that had not yet been produced. As a result, the outstanding balance on Invoice No. SOL24-3618 was reduced to $206,618.04 after Luminaire successfully canceled the Bistro Tables, the custom Mesa Due Table, and the Duo Chairs.

15.     On May 21, 2025, Luminaire's Operations Manager, Scott Davis ("Davis"), emailed Gentry requesting payment of the outstanding balances on Invoice Nos. SOL24-3618 and SOL25-0542, which were $206,618.04 and $60,795.09, respectively.

16.     On May 28, 2025, Luminaire's Chief Financial Officer, Francesco Insalata ("Insalata"), emailed Lugano Diamonds' Chief Financial Officer, Christoph Pachler ("Pachler"), and Gentry, again requesting payment of the outstanding balances on both invoices.

17.     On May 29, 2025, Gentry, on behalf of Lugano Diamonds, acknowledged the invoices and requested flexibility in payment, as well as information regarding which custom items could still be canceled, noting that the invoices reflected items in production.

18.     On May 30, 2025, Insalata confirmed that the outstanding balances on both invoices reflected products that had been produced by vendors and picked up by Luminaire.

19.     On June 21, 2025, Luminaire re-sent Invoice No. SOL25-0542 to Lugano Diamonds, reflecting an outstanding balance of $60,795.09.

20.     On the same date, and as stated in a July 25, 2025 letter from Luminaire's corporate counsel to Lugano Diamonds, Luminaire began retroactively applying storage fees of 2% of the invoiced value per 30-day period to Lugano Diamonds' outstanding balance, pursuant to Luminaire's Terms and Conditions.

The Terms and Conditions also provide that Lugano Diamonds is responsible for attorneys' fees and costs in the event legal action becomes necessary. A true and correct copy of the July 25, 2025 letter is attached hereto as **Exhibit 4**.

21.    On July 29, 2025, Pachler emailed Insalata, explaining that Lugano Diamonds was experiencing financial difficulties due to ongoing investigations, and requested additional flexibility, indicating that payment would be made by the end of the summer.

22.    On August 12, 2025, Luminaire's corporate counsel requested a written and signed commitment from Lugano Diamonds to pay the outstanding balance, including storage fees, by August 29, 2025.

23.    As of the filing of this Complaint, Lugano Diamonds has not received any writing from Lugano Diamonds committing to pay the outstanding balance by a certain date.

24.    As of the filing of this Complaint, Lugano Diamonds has not made any additional payments toward the outstanding balances on Invoice Nos. SOL24-3618 and SOL25-0542, which total $267,413.13, exclusive of storage fees and other charges provided under Luminaire's Terms and Conditions.

## CLAIM I

## Breach of Contract

25.    Luminaire incorporates the foregoing allegations as if fully set forth herein.

26.    The invoices issued by Luminaire to Lugano Diamonds, including Invoice Nos. SOL24-3618 and SOL25-0542, constitute binding and enforceable contracts between the parties.

27.    Luminaire fully performed its contractual obligations to Lugano Diamonds under the invoices.

28.    Under the invoices and Luminaire's Terms and Conditions, Lugano Diamonds was required to make full payment for the furniture products it ordered.

29.    Lugano Diamonds failed to make the required payments to Luminaire.

30.    As a direct and proximate result of the breaches by Lugano Diamonds, Luminaire has suffered damages in an amount no less than $267,413.13, plus storage fees, interest, attorneys' fees, and costs as provided under Luminaire's Terms and Conditions.

## CLAIM II
### Unjust Enrichment

31.    Luminaire incorporates the foregoing allegations as if fully set forth herein.

32.    Luminaire conferred a benefit on Lugano Diamonds by procuring and producing custom furniture items for Lugano Diamonds' benefit.

33.    Lugano Diamonds has failed to pay for these benefits.

34.    It would be unjust for Lugano Diamonds to retain the benefit of Luminaire's performance without compensating Luminaire.

35.    As a direct and proximate result of Lugano Diamonds' failure to pay, Luminaire has suffered damages in an amount no less than $267,413.13, plus storage fees, interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff Luminaire LLC requests the Court enter judgment in its favor and against Lugano Diamonds & Jewelry Inc. and seeks the following relief:

A.    Judgment against Lugano Diamonds & Jewelry Inc. for actual and compensatory damages in the amounts owed to it, which exceed $75,000;

B.    An award of prejudgment and post-judgment interest;

D.    Attorneys' fees, costs and other expenses as provided by the Terms and Conditions and/or applicable law.  Specifically, pursuant to the Terms and Conditions, Luminaire is entitled to recover its costs, reasonable attorneys' fees, and other reasonable expenses; and

Complaint

E.    Such other and further relief as this Court deems appropriate.

**Dated:**  September 10, 2025.

**DICKINSON WRIGHT RLLP**

By: _____

Eric R. McDonough

*Attorneys for Plaintiff*

Complaint