**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
TRACI L. SHAFROTH (Cal. Bar No. 251673)
(tshafroth@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Defendant Lugano Diamonds & Jewelry Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luminaire LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Lugano Diamonds & Jewelry Inc.,<br><br>    Defendant. | Civil Action No. 8:25-cv-2048-KES<br><br>**ANSWER OF DEFENDANT LUGANO DIAMONDS & JEWELRY INC.**<br><br>Complaint filed: September 10, 2025<br>Trial Date: N/A |

ANSWER OF LUGANO DIAMONDS AND JEWELRY INC.

Defendant Lugano Diamonds & Jewelry Inc. ("<u>Defendant</u>," "<u>Defendant Lugano</u>," or "<u>Lugano</u>") submits the following Answer to the Complaint filed against it in this action ("<u>Complaint</u>"). The responses correspond to the enumerated paragraphs of the Complaint.

**PARTIES**

1. The allegations in this paragraph do not relate to Defendant Lugano. To the extent that a response is deemed required, Defendant lacks sufficient information and belief to respond to the allegations in this paragraph and on that basis denies them.

2. Defendant admits that it is a California corporation with its principal place of business on Newport Center Drive in Newport Beach, California, 92660. Defendant denies the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

3. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant lacks sufficient information and belief to respond to the allegations in this paragraph and on that basis denies them.

4. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant lacks sufficient information and belief to respond to the allegations in this paragraph and on that basis denies them.

5. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant admits that its principal place of business is in Newport Beach, California. Defendant lacks sufficient information and belief to respond to the remaining allegations in this paragraph and on that basis denies them.

## FACTUAL ALLEGATIONS

6. The allegations in this paragraph do not relate to Defendant. To the extent that a response is deemed required, Defendant lacks sufficient information and belief to respond to the allegations in this paragraph and on that basis denies them.

7. Admitted.

8. Admitted, except that Defendant denies that Lugano engaged Luminaire LLC ("Luminaire") to purchase items for a Los Angeles boutique.

9. Defendant admits that Idit Ferder was a co-founder of Lugano and was formerly Lugano's Chief Operating Officer. Defendant lacks sufficient information and belief to respond to the allegations in this paragraph and on that basis denies them.

10. Defendant admits that it paid a 50% deposit on items purchased from Luminaire. The remaining allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the remaining allegations in this paragraph.

11. Defendant admits that it received the invoice attached to the Complaint as Exhibit 2. Defendant responds further that Exhibit 2 is a written document that speaks for itself. To the extent that the remaining allegations in this paragraph state legal conclusions, no response is necessary, but if a response is deemed required, Defendant denies the remaining allegations in this paragraph.

12. Defendant admits that it received the invoice attached to the Complaint as Exhibit 3. Defendant responds further that Exhibit 3 is a written document that speaks for itself. To the extent that the remaining allegations in this paragraph state legal conclusions, no response is necessary, but if a response is deemed required, Defendant denies the remaining allegations in this paragraph.

13. Defendant lacks sufficient information and belief to respond to the allegations in this paragraph and on that basis denies them.

14. Defendant admits that Luminaire reduced the balance on Invoice No. SOL24-3618 to $206,618.04. Defendant lacks sufficient information and belief to respond to the allegations in this paragraph and on that basis denies them.

15. Defendant admits that Mr. Davis emailed Ms. Gentry on May 21, 2025, requesting payment of $206,618.04 on Invoice No. SOL24-3618 and $60,795.09 on Invoice No. SOL25-0542. To the extent that the characterization of these amounts as "outstanding balances" constitutes a legal conclusion because the amounts owed were contested, no further response is necessary, but if a response is deemed required, Defendant denies any such allegations in this paragraph.

16. Defendant admits that Mr. Insalata emailed Ms. Gentry and Mr. Pachler on May 28, 2025, requesting payment on Invoice No. SOL24-3618 and Invoice No. SOL25-0542. To the extent that the characterization of the amounts requested as "outstanding balances" constitutes a legal conclusion because the amounts owed were contested, no further response is necessary, but if a response is deemed required, Defendant denies any such allegations in this paragraph.

17. Defendant admits that Ms. Gentry emailed Luminaire on May 29, 2025, regarding the invoices. Defendant responds further that Ms. Gentry's email is a written document that speaks for itself, and Defendant denies Luminaire's incomplete summary and characterizations of the document and on that basis denies the remaining allegations of this paragraph. To the extent that Luminaires' characterizations constitute statements of legal conclusions, no further response is necessary, but if a response is deemed required, Defendant denies any such allegations in this paragraph.

18. Defendant admits that Mr. Insalata emailed Lugano employees on May 30, 2025, regarding the invoices. Defendant responds further that Mr. Insalata's email is a written document that speaks for itself, and Defendant denies Luminaire's incomplete summary and characterizations of the document and on that basis denies the remaining allegations of this paragraph. To the extent that Luminaires'

characterizations constitute statements of legal conclusions, no further response is necessary, but if a response is deemed required, Defendant denies any such allegations in this paragraph.

19. Defendant lacks sufficient information and belief to respond to the allegations in this paragraph and on that basis denies them.

20. Defendant admits that Mr. Pachler received the letter attached to the Complaint as Exhibit 4 on or around July 25, 2025. Defendant responds further that the letter is a written document that speaks for itself, and Defendant denies Luminaire's incomplete summary and characterizations of the document and on that basis denies the remaining allegations of this paragraph. Defendant further responds that the remaining allegations in this paragraph state legal conclusions to which no response is necessary, but if a response is deemed required, Defendant denies the remaining allegations in this paragraph.

21. Defendant admits that Mr. Pachler emailed Mr. Insalata on July 29, 2025, regarding the invoices. Defendant responds further that Mr. Pachler's email is a written document that speaks for itself, and Defendant denies Luminaire's incomplete summary and characterizations of the document and on that basis denies the remaining allegations of this paragraph. To the extent that Luminaires' characterizations constitute statements of legal conclusions, no further response is necessary, but if a response is deemed required, Defendant denies any such allegations in this paragraph.

22. Defendant admits that Luminaire's counsel emailed Mr. Pachler on August 12, 2025, regarding the invoices. Defendant responds further that Luminaire's counsel's email is a written document that speaks for itself, and Defendant denies Luminaire's incomplete summary and characterizations of the document and on that basis denies the remaining allegations of this paragraph. To the extent that Luminaires' characterizations constitute statements of legal

conclusions, no further response is necessary, but if a response is deemed required, Defendant denies any such allegations in this paragraph.

23. Defendant admits that it has not sent a writing committing to make payments in any specific amounts as of the filing of the Complaint. To the extent that Luminaire's characterizations in this paragraph constitute statements of legal conclusions, no further response is necessary, but if a response is deemed required, Defendant denies any such allegations in this paragraph.

24. Defendant admits that it has not made any additional payments on the invoices. To the extent that Luminaire's characterizations in this paragraph constitute statements of legal conclusions, no further response is necessary, but if a response is deemed required, Defendant denies any such allegations in this paragraph.

## CLAIM I

### Breach of Contract

25. Defendant incorporates the responses contained in the foregoing paragraphs as though fully set forth herein.

26. The allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the allegations in this paragraph.

27. The allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the allegations in this paragraph.

28. The allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the allegations in this paragraph.

29. The allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the allegations in this paragraph.

30. The allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the allegations in this paragraph.

## CLAIM II

### Unjust Enrichment

31. Defendant incorporates the responses contained in the foregoing paragraphs as though fully set forth herein.

32. The allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the allegations in this paragraph.

33. The allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the allegations in this paragraph.

34. The allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the allegations in this paragraph.

35. The allegations in this paragraph state legal conclusions, to which no response is required, but if a response is deemed required, Defendant denies the allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses without assuming the burden of proof that Plaintiff bears regarding any matter in this action and without waiving any of the specific denials set forth in the preceding paragraphs. The affirmative defenses set forth below are asserted based on information and belief.

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, is precluded to the extent that Plaintiff failed to mitigate, minimize, or avoid some or all of the damages for which he now seeks coverage by this action. Any recovery against Defendant must be reduced in whole or in part by the amount attributable to these failures by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Defendant alleges that any action by Defendant was not the proximate cause of any alleged injuries or damages Plaintiff now claims were sustained.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that Defendant acted reasonably and in good faith at all times material herein, based on the relevant facts and circumstances known by Defendant at the time it so acted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Defendant did not receive the consideration alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is seeking to recover more than Plaintiff is entitled to recover, and award of the judgment sought by Plaintiff would unjustly enrich it.

## PRAYER FOR RELIEF

Defendant respectfully prays for judgment in its favor and against Plaintiff in this action as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;
2. That judgment in this action be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded costs of suit incurred herein;
4. That Defendant be awarded reasonable attorneys' fees incurred herein, pursuant to applicable law; and

5. For any and all such other relief as this Court may deem just and proper.

Dated: November 10, 2025        **KELLER BENVENUTTI KIM LLP**

By: /s/ *Traci L. Shafroth*
Traci L. Shafroth

*Attorneys for Defendant Lugano Diamonds & Jewelry Inc.*